## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DARLYN RESTITUYO-GARCIA,     )
            )
     **Petitioner,**     )
            )
**v.**            )        **CIVIL ACTION NO. 5:16-07323**
            )
**WARDEN COKLEY,**     )
            )
     **Respondent.**     )

### PROPOSED FINDINGS AND RECOMMENDATION

On August 8, 2016, Petitioner, an inmate incarcerated at FCI Beckley and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### PROCEDURE AND FACTS

On December 21, 2011, Petitioner was arrested for multiple charges by Pennsylvania State authorities. (Document No. 6-1.) Petitioner remained in State custody following his arrest. (Id.) On February 1, 2012, Petitioner was indicted in the United States District Court for Middle District of Pennsylvania for one count of Distribution and Possession with Intent to Distribute Cocaine Hydrochloride and Cocaine Base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(ii)(I) (Count 1); and one count of Assault on a Federal Officer in violation of 18

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

U.S.C. § 111(a)(1) and (b) (Count Two). <u>United States v. Restituyo-Garcia</u>, Criminal Action No. 1:12-00026 (M.D.Penn. Sep. 24, 2014), Document No. 1. On February 2, 2012, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Pennsylvania. (Document No. 6-2, p. 2.) On the same day, Petitioner appeared in the United States District Court for the Middle District of Pennsylvania for his Initial Appearance and Arraignment and was returned to State custody. <u>Restituyo-Garcia</u>, Criminal Action No. 1:12-00026, Document Nos. 7 and 12; (Document No. 6-2, p. 5.) On June 22, 2012, Petitioner was again borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Pennsylvania for proceedings upon his Federal charges. <u>Restituyo-Garcia</u>, Criminal Action No. 1:12-00026, Document No. 25; (Document No. 6-2, p. 5.) On March 12, 2013, Petitioner was returned to State custody. (Document No. 6-2, pp. 4 - 5.) On March 20, 2013, Petitioner was sentenced by the Court of Common Pleas of Lebanon County, Pennsylvania to an indeterminate sentence of 11 ½ months to 2 years less one day. (<u>Id.</u>, pp. 8 - 11.) The State court determined that Petitioner had served in excess of the minimum sentence and was immediately eligible for parole. (<u>Id.</u>, p. 10.) On March 22, 2013, Petitioner was granted parole but was ordered to remain in custody until release on a detainer from the United States Marshals Service ["USMS"]. (<u>Id.</u>, p. 13.) On April 1, 2013, Petitioner was released to the USMS's detainer. (<u>Id.</u>, p. 5.) On June 11, 2013, Petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania to both Counts contained in the Indictment. <u>Restituyo-Garcia</u>, Criminal Action No. 1:12-00026, Document No. 64. On September 24, 2014, the District Court sentenced Petitioner to "Eighty one (81) months on each Counts 1 and 2, to be served concurrently." (Document No. 6-2, pp. 15 - 21.) The BOP commenced Petitioner's Federal sentence on the date

it was imposed, September 24, 2014. (Id., pp. 22 - 25.)

On August 8, 2016, Petitioner filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id., pp. 6 - 8.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Petitioner states that "he is entitled to all of the time spent in State AND Federal custody from the very moment of his arrest on 12/21/2011 in Lebanon County, Pennsylvania up the point of his federal custody on 3/22/14." (Id., p. 8.) Finally, Petitioner argues that the District Court erred in imposing his sentence by failing to apply U.S.S.G. § 5G1.3(b). (Id.) Petitioner contends that "both the State and Federal charges are related under the U.S. Sentencing Guideline 5G1.3(b)." (Id.)

By Order entered on August 10, 2016, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 3.) On September 15, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 6.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner failed to exhaust administrative remedies" (Id., pp. 3 - 4.); (2) "Petitioner's federal sentence commenced on September 24, 2014" (Id., pp. 4 - 6.); (3) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 6 - 7.); and (4) "Petitioner's remaining claim is not appropriate in a § 2241 Petition" (Id., pp. 7 - 8.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Deborah Colston, Management Analyst (Document No. 6-1.); (2) A copy of the *Writ of Habeas Corpus*

*Ad Prosequendum* (Document No. 6-2, p. 2.); (3) A copy of USMS Form 129 (<u>Id.</u>, pp. 4 - 6.); (4) A copy of the Sentencing Order as entered by the Court of Common Pleas of Lebanon County, Pennsylvania (<u>Id.</u>, pp. 8 - 11.); (5) A copy of the State Parole Order (<u>Id.</u>, p. 13.); (6) A copy the "Judgment in a Criminal Case" as filed in the Middle District of Pennsylvania on September 24, 2014, in Criminal Action No. 1:12-cr-00026 (<u>Id.</u>, pp. 15 - 21.); (6) A copy the Petitioner's "Public Information Inmate Data as of 08-16-2016" (<u>Id.</u>, pp. 23 - 25.); and (7) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (<u>Id.</u>, p. 27.).

By Order and Notice entered on September 19, 2016, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 7.) Petitioner filed his Reply on December 14, 2016. (Document No. 10.) First, Petitioner argues that he filed two administrative remedies, which went unanswered. (<u>Id.</u>, pp. 1 - 2.) Thus, Petitioner argues that the "administrative remedy process is flawed and deemed exhausted." (<u>Id.</u>) Next, Petitioner for the first time argues that he is entitled to <u>Willis</u> credit for the time he served in State custody. (<u>Id.</u>, pp. 2 - 3.) Petitioner contends that if he "was denied bail because a federal detainer was lodged against him, he is entitled to time spent in custody." (<u>Id.</u>) Finally, Petitioner continues to argue that the sentencing court erred in failing to reduce his sentence pursuant to U.S.S.G. § 5G1.3. (<u>Id.</u>)

## <u>ANALYSIS</u>

1.     **Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. <u>See</u> <u>McClung v. Shearin</u>, 90 F. Appx. 444, 445 (4th Cir.

4

2004)(unpublished)(<u>citing</u> <u>Carmona v. Bureau of Prisons</u>, 243 F.3d 629, 634 (2nd Cir. 2001));

<u>Pelissero v. Thompson</u>, 170 F.3d 442, 445 (4th Cir. 1999); <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir.

1994). Exhaustion allows prison officials to develop a factual record and an opportunity to

correct their own errors before being haled into Court. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 204,

127 S.Ct. 910, 166 L.Ed.2d 798 (2007); <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144-45, 112 S.Ct.

1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an

inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is

deprived of its opportunity to properly address the issue before being haled into court." <u>Specter</u>

<u>v. Director</u>, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed

to properly exhaust his claim for RRC placement because "no recommendation or decision had

been made in his case yet and would not occur until 17 to 19 months prior to his anticipated

release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et

seq.*, through which an inmate may seek formal review of issues or complaints relating to

confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative

Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal

inmate is required first to attempt to resolve his complaints informally by the submission of an

"Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be

rejected if improper, and the inmate will then be advised of the proper administrative procedure.

<u>Id.</u> Within 20 days after the circumstances occurred which are the subject of the inmate's

complaints, the inmate must complete this first step and submit a formal "Administrative

Remedy Request" on a BP-9 form to an institution staff member designated to receive such

5

Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

The undersigned finds that Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action. In his Petition, Petitioner acknowledges that he failed to exhaust his administrative remedies. (Document No. 1, p. 5.) Petitioner, however, argues that his claim should be deemed exhausted because the Warden failed to properly respond to his administrative remedy request. (Id.) Petitioner explains that he filed two administrative remedy requests, but "Warden Cokley did not answer any of my requests." (Id.) Section 542.18 provides that "[i]f the

inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Petitioner, however, failed to consider any absence of a response as a denial and proceed to the next level. Upon failing to receive a response from the Warden, Petitioner filed his Section 2241 Petition with this Court. Thus, Petitioner filed his Petition prior to submitting his claims properly through the BOP's administrative remedy process. Because Petitioner failed to properly exhaust administrative remedies with respect to his claims in this matter, the undersigned concludes, and hereby respectfully recommends, that this matter should be dismissed. Notwithstanding Plaintiff's failure to exhaust, the undersigned will briefly consider the merits of his claims.

**2.      Petitioner's Federal sentence did not commence until September 24, 2014.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction is not relinquished when an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum.* United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998)(citing Thomas v. Whalen, 962 F.2d 358, 361, n. 3 (4th Cir. 1992)("A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary

jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

State authorities arrested Petitioner on December 21, 2011, thereby obtaining primary jurisdiction. Petitioner was then temporarily transferred into Federal custody on February 2, 2012, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges. Petitioner was returned to State custody on the same day. Petitioner was again temporarily transferred into Federal custody on June 22, 2012, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges. He was then transferred back into State custody on March 12, 2013, and sentenced by the Lebanon County Court of Common Pleas on March 20, 2013. The State relinquished primary jurisdiction when Petitioner was paroled from his State sentence on March 22, 2013. See Grier v. Purdue, 2014 WL 3823999, * 3 (N.D.W.Va. Aug. 4, 2014)(citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)(A sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges.") Petitioner was released to the USMS' detainer on April 1, 2013, and his Federal sentence was imposed on September 24, 2014. Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on September 24, 2014. See United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served").

3.      **Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive *additional* prior custody credit. Petitioner is seeking Federal credit for time served in State custody following his arrest (December 21, 2011) through September 23, 2014 (the date prior to the imposition of his Federal sentence). The record reveals that the BOP **has** granted Petitioner prior custody credit for March 23, 2013 (day after his parole was granted) through September 23, 2014 (the date prior to the imposition of his Federal sentence), which totaled 550 days. (Document No. 6-2, p. 25.) The record reveals that Petitioner received credit towards his State sentence for the time period of December 21, 2011 (date of his State arrest) through March 22, 2013 (date his parole was granted). The BOP may not grant prior custody credit for time that has

9

been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit.[2]

**4.      Petitioner is not entitled to relief under U.S.S.G. § 5G1.3.**

To the extent Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), the undersigned finds his claim as one properly considered under Section 2255 – not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Middle District of Pennsylvania. Petitioner alleges that the District Court should have applied U.S.S.G. §

---

[2]   In his Reply, Petitioner for the first time asserts that he is entitled to *Willis* credit. Although Petitioner is asserting a new claim in his Reply, the undersigned will briefly consider the claim. Notwithstanding the limitation imposed under Section 3585(b), the Fifth Circuit indicated that a petitioner was entitled to time spent in pre-sentence State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Under *Willis*, the BOP grants prior custody credit, even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentence are run concurrently; and (2) the full term release date of the federal sentence is equal to or greater than the full term release date of the state sentence. *See* Program Statement ["P.S."] 5880.28. Petitioner, however, cannot satisfy both of the above conditions as there is no indication that his State and Federal sentences were run concurrently. Additionally, P.S. 5880.28 provides that "if the release from the non-federal sentence occurs prior to the commencement of the federal sentence, than any non-federal presentence time awarded on the state sentence shall *not* be applied to the federal sentence." Petitioner was clearly released from his State sentence prior to the commencement of his Federal sentence, and Petitioner was awarded State credit for his presentence time (December 21, 2011 through March 19, 2013).

5G1.3(b), thereby adjusting his Federal sentence for the time period of imprisonment already served in State custody. Petitioner is basically challenging the validity of his sentence, not the manner in which his sentence is being executed. A claim challenging the validity of his sentence must be raised on direct appeal or in a Section 2255 Motion.[3] Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the

---

[3]   Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *conviction*. Petitioner argues that the sentencing Court improperly failed to apply U.S.S.G. § 5G1.3(b). The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. *See Bennett v. United States*, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); *Young v. Caraway*, 2011 WL 830105, *1 (S.D.W.Va. March 3, 2011)(J. Johnston)(finding that petitioner's challenge to his sentence in light of an amendment to the Sentencing Guidelines is properly classified as a Section 2255 Motion); *Burston v. Warden*, 2010 WL 5462474, *1 – 2 (D.S.C. Dec. 29, 2010)(finding that a petitioner must proceed under Section 2255 when challenging his sentence based upon a subsequent amendment to the Sentencing Guidelines); *also see Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); *Underwood v. Cauley*, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); *Noggin v. Wilson*, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002).

Court's docket.

 The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

 Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

 The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

 Date: January 31, 2017.

Omar J. Aboulhosn
United States Magistrate Judge